**RICKEY IVIE, ESQ**. (SBN #76864)
*rivie@imwlaw.com*
**RODNEY S. DIGGS, ESQ.** (SBN #274459)
*rdiggs@imwlaw.com*
**ANTONIO K. KIZZIE**, **ESQ**. (SBN #279719)
*akizzie@imwlaw.com*
**IVIE, McNEILL & WYATT**
444 S. Flower St., Suite 1800
Los Angeles, CA  90071
Tel: (213) 489-0028; Fax: (213) 489-0552

Attorneys for Plaintiff **JEANINE DANIELS**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANINE DANIELS, an individual,<br><br>          *Plaintiff,*<br>vs.<br><br>BLACK & SEXY TV, LLC, A California Corporation,  TIFFANY PAUL p/k/a NUMA PERRIER, an individual, DENNIS DORTCH, an individual, BRIAN ALI HARDING, an individual, and JEROME CHRISTOPHER HAMILTON, an individual, and DOES 1-30, INCLUSIVE,<br><br><br>          *Defendants.* | CASE NO.:  16-cv-9050<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **TRADEMARK INFRINGEMENT**<br>2. **COPYRIGHT INFRINGEMENT**<br>3. **DECLARATORY AND INJUNCTIVE RELIEF**<br>4. **ACCOUNTING**<br>5. **BREACH OF EXPRESS AND/OR IMPLIED IN FACT CONTRACT**<br>6. **FRAUD**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW Plaintiff JEANINE DANIELS, an individual, by and through their

attorneys at Ivie, McNeill & Wyatt, in their Complaint for Damages

("COMPLAINT") against Defendants BLACK &SEXY TV, LLC, A California

Corporation,  TIFFANY PAUL, an individual, DENNIS DORTCH, an individual,

BRIAN ALI HARDING, an individual, and JEROME CHRISTOPHER HAMILTON, an individual, and DOES 1-30, INCLUSIVE, ("Defendants," collectively), hereby alleges as follows:

## NATURE OF THE CASE

1.      This is a civil action seeking damages, accounting, declaratory and injunctive relief for trademark infringement arising under 15 U.S.C. § 1114(1) (referred to herein as the "Lanham Act"), breach of express and/or implied contract and copyright infringement arising under 17 U.S.C. §§ 101, et seq. (referred to herein as the "Copyright Act"), and other related causes of action.

2.      In 2009, Plaintiff JEANINE DANIELS (hereinafter "Plaintiff") founded and created "Black and Sexy TV," a web-based subscription service with various scripted series. As part of "Black and Sexy TV" and between 2009 and 2015 Plaintiff wrote, created and/or produced various scripted works including, but not limited to, "The Couple," "Roomieloverfriends," "That Guy," "Becoming Nia," "Minute Man," "After Party," and "That Guy The Movie." Plaintiff also funded another project entitled "Sexless" with funds garnered from the release of Plaintiff's work, "That Guy" and "That Guy the Movie" with expectation of participation in the profits therefrom.

3.      In or about August 26, 2015, Plaintiff trademarked and, thus, rightfully owns "Black and Sexy TV" (hereinafter the "Trademark") rendering such a valid, protectable trademark. Application No. 86/737,804.

4.      In or about 2011, Plaintiff created, wrote, produced, acted in and/or directed an original scripted work entitled, "The Couple."  In or about 2012, Plaintiff created, wrote, produced, acted in and/or directed original scripted works entitled, "Roomieloverfriends" and "The Number." In or about 2013, Plaintiff created, co-created wrote, produced, acted in and/or directed original scripted works entitled, "That Guy" and "Minute Man." In or about 2014, Plaintiff wrote, created, co-created, produced, and/or acted in and/or directed original scripted

**COMPLAINT FOR DAMAGES**

works entitled, "Becoming Nia" and "After Party." In 2014, Plaintiff created, co-created, wrote, directed, produced, edited, and/or acted in the successful, "That Guy The Movie." Scripts for the following were registered with the Writer's Guild of America at or around the time of creation. Plaintiff's involvement in all of the aforementioned projects were based on the promise of compensation and consideration in the form of money, credit, profits, dividends and/or other pecuniary and non-pecuniary consideration.

5.     In or about 2016, Plaintiff copyrighted "Roomieloverfriends," "That Guy," "That Guy The Movie," and "Becoming Nia" (hereinafter "Original Works," collectively). Plaintiff was issued co-creator, writer, executive producer and/or producer credits and promised commensurate compensation in consideration for Plaintiff's work on the Original and/or Collaborative Works and works entitled "Minute Man," "After Party," "The Couple" (hereinafter "Collaborative Works," collectively), which was never paid to Plaintiff.

6.     Between 2009 and 2015, Plaintiff worked alongside TIFFANY PAUL, an individual, DENNIS DORCH, an individual, BRIAN HARDING, an individual, and J. CHRISTOPHER HAMILTON, an individual, and DOES 1-30, INCLUSIVE, (hereinafter "Defendants," collectively) on the aforementioned projects. During this time, the parties entered into express and/or implied in fact contract between each other to create and share in the profits from the aforementioned projects. The existence of this contract can be shown in both the words and/or conduct of the parties interpreted in the light of the subject- matter and of the surrounding circumstances.

7.     However, Defendants breached this agreement and proceeded to continue to use Plaintiff's registered trademark "Black and Sexy TV" and exploit Plaintiff's Original and Collaborative Works without permission and without payment to Plaintiff of Plaintiff's share in the sale or exploitation of "Black and Sexy TV" and/or the Original/Collaborative works. Upon information and belief,

Defendants proceeded to form "Black and Sexy TV, LLC" without Plaintiff's consent and continue to operate as "Black and Sexy TV" and exploit Plaintiff's Trademark and Original/Collaborative Works without permission or compensation to Plaintiff.

8.     Upon information and belief, Defendants have sold Plaintiff's Original and/or Collaborative Works "Roomieloverfriends," and "That Guy the Movie" to Black Entertainment Television (hereinafter "BET") and obtained compensation therefrom without permission or compensation to Plaintiff.

9.     Upon information and belief, Defendants used profits obtained from Plaintiff's original work "That Guy" and/or "That Guy the Movie" to pay for another project "Sexless" that was subsequently sold to Centric without permission and/or compensation to Plaintiff.

10.    The defendants continue to use "Black and Sexy TV" without the consent of the plaintiff in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods. Exhibit C. To date, Plaintiff has not been compensated for Defendants' use of her Trademark or exploitation of her Original and/or Collaborative Works.

11.    Plaintiff brings this action for, *inter alia*, trademark infringement in connection with unauthorized and/or uncompensated use of Plaintiff's trademark for "Black and Sexy TV."

12.    Plaintiff brings this action for, *inter alia*, copyright infringement in connection with unauthorized and/or uncompensated use and exploitation of Plaintiff's Original and/or Collaborative Works.

13.    By this action, Plaintiff seek judgment: (a) Declaring that Defendants' unauthorized creation and/or distribution of Plaintiff's trademark "Black and Sexy TV" willfully infringed Plaintiff's Trademark in violation of 15 U.S.C. § 1114(1).

14.    By this action, Plaintiff seek judgment: (b) Declaring that Defendants' unauthorized use and uncompensated exploitation of Plaintiff's Original and/or

Collaborative Works "Black and Sexy TV" willfully infringed Plaintiff's copyrights in violation of the Copyright Act.

15.     Further, by this action Plaintiff seeks: (c) Judgment for a preliminary and permanent injunction enjoining Defendants and their respective agents, employees, officers and directors, attorneys, successors, licensees, and assigns, and all those persons acting in concert and combination therewith, from further infringement of Plaintiff's Trademark and copyright in the Original and/or Collaborative Works, including but not limited to the sale and distribution of the Original and/or Collaborative Works and continued use of the Trademark; (d) Awarding Plaintiff, at their election, either (i) actual damages and the profits derived by Defendants as a result of their infringing activities, pursuant to 17 U.S.C. § 504(b) and/or 15 U.S.C. § 1117(a), or (ii) statutory damages in the maximum amount with respect to the Composition and Trademark, pursuant to 17 U.S.C. § 504(c) and/or 15 U.S.C. § 1117(a); (e) For an accounting, the imposition of a constructive trust and restitution and disgorgement of Defendants' unlawful profits and benefits obtained as a result of their misappropriation, infringement and breach of their agreement with Plaintiff and damages according to proof; (f) For punitive and exemplary damages in such amount as may be awarded at trial; (g) For prejudgment interest according to law; and (h) Awarding Plaintiff her attorneys' fees and full costs pursuant to 17 U.S.C. §505 and 15 U.S.C. § 1117.

## PARTIES

16.     Plaintiff JEANINE DANIELS is an individual, creator of "Black and Sexy TV," owner of the "Black and Sexy TV" trademark, creator, writer, executive producer, producer, director and/or co-creator of "The Couple," "Roomieloverfriends," "That Guy," "Becoming Nia," "Minute Man," "After Party," and "That Guy The Movie" who resides in Los Angeles, California. Plaintiff also funded another project entitled "Sexless" with funds garnered from

the release of Plaintiff's work, "That Guy" and "That Guy the Movie" with expectation of participation in the profits therefrom.

17.     On information and belief, Defendant BLACK & SEXY TV, LLC is a corporation engaged in systematic and continuous business in the State of California that is involved in the infringement and/or benefits therefrom or continues to perpetuate the infringement, which also took place in Los Angeles, California in whole or in part.

18.     On information and belief, Defendant TIFFANY PAUL is an individual doing business in the State of California involved in the infringement which took place in Los Angeles, California.

19.     On information and belief, Defendant DENNIS DORTCH is an individual doing business in the State of California involved in the infringement which took place in Los Angeles, California.

20.     On information and belief, Defendant BRIAN ALI HARDING is an individual doing business in the State of California involved in the infringement which took place in Los Angeles, California.

21.     On information and belief, Defendant JEROME CHRISTOPHER HAMILTON is an individual doing business in the State of California involved in the infringement which took place in Los Angeles, California.

22.     On information and belief, DOES 1 through 30, inclusive, is an individual doing business in the State of California involved in the infringement which took place in Los Angeles, California.

## JURISDICTION AND VENUE

23.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under the laws of the United States and the controversy arises under the Copyright Act (17 U.S.C. §§ 101 *et seq*) and Lanham Act (15 U.S.C. § 1114(1)).

24.     This Court has supplemental jurisdiction over the related state claims

herein under 28 U.S.C. § 1367 in that these claims form part of the same case and controversy as the federal claims herein.

25.     This Court has personal jurisdiction over Defendants on the grounds that they reside in and/or are doing business in this State and District as all Defendants have purposefully availed themselves of the jurisdiction of this Court by transacting business and committing unlawful acts of infringement in this Judicial District and the State of California concerning the Trademark and Original and/or Collaborative Works at issue in this action.

26.     Venue properly lies in this Court pursuant to 28 U.S.C. § 1391 (a) and (b) because a substantial part of the events that are the subject matter of this lawsuit occurred and are occurring in this judicial district.

## FIRST CLAIM FOR RELIEF
### TRADEMARK INFRINGEMENT
### 15 U.S.C. § 1114(1)(a)

27.     Plaintiff realleges and incorporates each and every allegation contained in the paragraphs 1 through 26 above with the same force and effect as if said allegations were fully set forth herein.

28.     At all times relevant herein Plaintiff trademarked and, thus, owned "Black and Sexy TV" (hereinafter the "Trademark") rendering such a valid, protectable trademark. **Exhibit A.**

29.     Plaintiff has used its federally registered "Black and Sexy TV" name and mark in commerce in connection with virtually all of Plaintiff's products and services, including Plaintiff's Original and/or Collaborative Works "The Couple," "Roomieloverfriends," "That Guy," "Becoming Nia," "Minute Man," "After Party," and "That Guy The Movie."

30.     Defendants had both actual and constructive knowledge of Plaintiff's ownership of and rights in its federally registered mark prior to Defendants' infringing use of those marks.

31.     Defendants adopted and continue to use in commerce Plaintiff's federally registered marks, and marks confusingly similar thereto, with full knowledge of Plaintiff's superior rights, and with full knowledge that their infringing use of Plaintiff's marks was intended to cause confusion, mistake and/or deception.

32.     Defendants offer their goods and services under the infringing marks in the same channels of trade as those in which Plaintiff's legitimate goods and services are offered.

33.     Defendants' infringing use of Plaintiff's Trademark in connection with the web-based script series is likely to cause, and has caused, confusion, mistake or deception as to the affiliation, connection or association of the schemes with Plaintiff and "Black and Sexy TV", in violation of 15 U.S.C. § 1114.

34.     Defendants' actions constitute knowing, deliberate, and willful infringement of Plaintiff's federally registered mark. The knowing and intentional nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

35.     As a result of Defendants' infringement, Plaintiff has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by Plaintiff and "Black and Sexy TV" in its federally registered marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Plaintiff has no adequate remedy at law. Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

36.     By this action, Plaintiff hereby seeks judgment: (a) Declaring that Defendants' unauthorized creation and/or distribution of Plaintiff's trademark "Black and Sexy TV" willfully infringed Plaintiff's Trademark in violation of 15 U.S.C. § 1114(1); (b) Judgment for a preliminary and permanent injunction

**COMPLAINT FOR DAMAGES**

enjoining Defendants and their respective agents, employees, officers and directors, attorneys, successors, licensees, and assigns, and all those persons acting in concert and combination therewith, from further infringement of Plaintiff's Trademark, including but not limited to the continued use of the Trademark; (c) Awarding Plaintiff, at their election, either (i) actual damages and the profits derived by Defendants as a result of their infringing activities, pursuant to 15 U.S.C. § 1117(a), and/or (ii) statutory damages in the maximum amount with respect to the Trademark, pursuant to 15 U.S.C. § 1117(a); (d) For an accounting, the imposition of a constructive trust and restitution and disgorgement of Defendants' unlawful profits and benefits obtained as a result of their misappropriation and damages according to proof; (e) For punitive and exemplary damages in such amount as may be awarded at trial; (f) For prejudgment interest according to law; and (g) Awarding Plaintiff her attorneys' fees and full costs pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT
## (AGAINST ALL DEFENDANTS)

37. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-35, inclusive, as if fully set forth herein.

38. Plaintiff did not authorize, license or consent to the use of Plaintiff's Original and/or Collaborative Works by Defendants without compensation, which constitutes an infringement of Plaintiff's copyrights and interests thereto.

39. Upon information and belief, Defendants had access to Plaintiff's Original and/or Collaborative Works and intentionally and knowingly infringed the copyright thereto.

40. Specifically, without authorization or consent, Defendants have exploited, sold and distributed Plaintiff's Original and/or Collaborative Works for the purpose of their own financial gain with no intention nor action to compensate

**COMPLAINT FOR DAMAGES**

Plaintiff.

41.    Upon information and belief, Defendants have collected monies and royalties from the sale or other exploitation of Plaintiff's Original and/or Collaborative Works and Defendants have retained a portion of those monies and royalties without submitting any amount to Plaintiff.

42.    Upon information and belief, Defendants have created derivative works from Plaintiff's Original and/or Collaborative Works with  no compensation to Plaintiff, thereby further infringing on Plaintiff's copyright.

43.    Defendants' conduct, including infringement, has been, and continues to be, willful and knowing and with utter and reckless disregard for Plaintiff's rights, and, as such, Defendants' direct and willful acts of infringement entitle Plaintiff to recover from Defendants damages pursuant to *17 U.S.C. § 504.*

44.    Accordingly, Plaintiff is entitled to compensatory and/or statutory damages in an amount to be determined at trial, in addition to punitive damages, interest, costs and a statutory award of attorneys' fees.

45.    Plaintiff does not have an adequate remedy at law for Defendants' wrongful conduct in that (i) Plaintiff' copyright is unique and valuable property which has no readily determinable market value; (ii) the infringement by the Defendants constitutes an interference with Plaintiff' goodwill and professional reputation; and (iii) Defendants' wrongful conduct, and the damages resulting to Plaintiff therefrom, is continuing. Defendants' use of copyright infringement has caused Plaintiff irreparable injury, and Defendants threaten to continue to commit these acts.

46.    By reason of the foregoing acts of copyright infringement, Plaintiff is entitled to the impounding and destruction of all copies or video files which have been made or used in violation of the Plaintiff' exclusive rights, and of all masters or other articles by means of which such copies or video files may be reproduced pursuant to the Copyright Act, *17 U.S.C. § 503.*

47.     By reason of the foregoing acts of copyright infringement, Plaintiff is entitled to actual damages including all profits reaped by the Defendants as a result of their infringement pursuant to the Copyright Act, *17 U.S.C. § 504*. Alternatively, Plaintiff is entitled to the maximum statutory damages pursuant to *17 U.S.C. §504(c)* for each infringement. Therefore, Plaintiff demand an accounting to ascertain such profits.

48.     Pursuant to 17 U.S.C. § 505, Plaintiff is also entitled to her costs and attorney's fees.

## THIRD CLAIM FOR RELIEF
### DECLARATORY AND INJUNCTIVE RELIEF
### (AGAINST ALL DEFENDANTS)

49.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1-47, inclusive, as if fully set forth herein.

50.     Plaintiff alleges that she possesses a beneficial interest in the "Black and Sexy TV" Trademark and her Copyrighted Original and/or Collaborative Works. The Defendants have, individually, and collectively claimed to own such rights independently of Plaintiff.

51.     A judicial declaration is necessary to determine the rights and obligations of the parties.

52.     As a result, Plaintiff seeks declaratory judgment that (a) Plaintiff has the exclusive rights conferred upon a trademark owner under the Lanham Act to the "Black and Sexy TV" trademark; (b) Plaintiff has the exclusive rights conferred upon a copyright owner under the Copyright Act to the Original and/or Collaborative Works, including without limitation the exclusive right to manufacture, distribute, sell and exploit the Original and/or Collaborative Works and/or to grant derivative work licenses therefore including the license required for Defendants to exploit the Infringing Work, (c) none of these Defendants have any

interest in and to the "Black and Sexy TV" trademark or the Original and/or Collaborative Works nor the right to exploit the Trademark or Original and/or Collaborative Works without Plaintiff's written approval and agreement to compensate Plaintiff for such use, and (d) and that any further exploitation of the Trademark or Original and/or Collaborative Works constitutes willful trademark and copyright infringement.  Plaintiff further seeks injunctive relief requiring that Defendants disgorge to Plaintiff all monies collected by them within the last 7 years as purported trademark and/or copyright owners of the Trademark or Original and/or Collaborative Works and any other derivative works.

53.     Plaintiff is entitled to an injunction enjoining Defendants and their agents, employees, and all other persons in active concert or privity or in participation with them, from directly or indirectly infringing on Plaintiff's Trademark or copyright in the Original and/or Collaborative Works or from continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop, or manufacture any works derived, copied, and/or sampled from the Original and/or Collaborative Works, in whatever medium, or to participate or assist in any such activity.

54.     By reason of the foregoing acts of trademark and copyright infringement, Plaintiff is entitled to declaratory relief and a permanent injunction enjoining Defendants from continuing the aforesaid acts of infringement pursuant to the Lanham Act, 15 U.S.C. § 1117(a), and Copyright Act, 17 U.S.C. § 502.

### FOURTH CLAIM FOR RELIEF

### ACCOUNTING

### (AGAINST ALL DEFENDANTS)

55.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1-52, inclusive, as if fully set forth herein.

56.     Under the causes of action as set forth herein, Plaintiff may recover any and all profits of Defendants that are attributable to their misappropriation and

**COMPLAINT FOR DAMAGES**

conversion of Plaintiff's Trademark, ideas and property rights.

57.   Upon information and belief, Defendants received, and continue to receive, profits from the sale of and contracts related to the Trademark and the Original and/or Collaborative Works.

58.   Plaintiff is entitled to a full accounting of all net profits received by Defendants in connection with the creation, marketing, use, distribution and sale of the Trademark and Original and/or Collaborative Works.

59.   Accordingly, due to the abovementioned violations of federal, state, and common law, Plaintiff demands that the Defendants render an accounting to ascertain the amount of such profits which have been realized to such violations.

60.   As a direct and proximate result of the Defendants' misappropriation, Plaintiff has been damaged, and Defendants have been unjustly enriched, in an amount to be proven at trial for which damages and/or restitution and disgorgement are appropriate.  Such damages and/or restitution and disgorgement should include a declaration by this Court that Defendants, and each of them, are constructive trustees for the benefit of Plaintiff and order that Defendants convey to the Plaintiff all gross receipts and benefits received or to be received that are attributable to the infringement of the Trademark and Original and/or Collaborative Works.

61.   The exact amount of money due from Defendants is unknown to Plaintiff, and can only be ascertained through an accounting.

## FIFTH CAUSE OF ACTION
## BREACH OF EXPRESS AND/OR IMPLIED CONTRACT
## (AGAINST ALL DEFENDANTS)

62.   Plaintiff repeats and realleges the allegations set forth in paragraphs 1-60, inclusive, as if fully set forth herein.

63.   Between 2009 and 2015 as part of Black and Sexy TV, Plaintiff worked alongside Defendants on the aforementioned Original and Collaborative

Works. During this time, the parties entered into express and/or implied in fact contract between each other to create and share in the profits from the aforementioned projects in exchange and consideration for Plaintiff's contribution as a writer, producer, co-producer, executive producer, creator, director and/or actor. The existence of this contract can be shown in both the words and/or conduct of the parties interpreted in the light of the subject- matter and of the surrounding circumstances.

64.    However, after termination of the Plaintiff and Defendants' business relationship in or about 2015, Defendants breached this agreement and proceeded to continue to use Plaintiff's registered trademark "Black and Sexy TV" and exploit Plaintiff's Original and Collaborative works without permission and without payment to Plaintiff of Plaintiff's share in the sale or exploitation of "Black and Sexy TV" or the Original and/or Collaborative Works. Exploitation has come in the form of: speaking fees, subscriptions sold directly to consumers via VHX (now owned by Vimeo), licensing fees (BET & Centric) and advertising revenue among others. Upon information and belief, Defendants proceeded to form "Black and Sexy TV, LLC" without Plaintiff's consent and continue to operate as "Black and Sexy TV" and exploit Plaintiff's Trademark and Original and/or Collaborative Works without permission or compensation to Plaintiff in violation of this contract.

65.    Upon information and belief, Defendants' have sold Plaintiff's Original and/or Collaborative Works "Roomieloverfriends," and "That Guy The Movie" to Black Entertainment Television (hereinafter "BET") and obtained compensation therefrom with no payment to Plaintiff.

66.    Upon information and belief, Defendants used profits obtained from Plaintiff's original work "That Guy" and "That Guy The Movie" to pay for another project "Sexless" that was subsequently sold to Centric with no payments to Plaintiff.

67.    Plaintiff also funded another project entitled "Sexless" with funds garnered from the release of Plaintiff's work, "That Guy" and "That Guy the Movie" with expectation of participation in the profits therefrom as one of the implied and/or explicit contracts at issue. To date, Plaintiff has not received any compensation for her investment in breach of their implicit and/or explicit contract pertaining thereto.

68.    The defendants continue to use "Black and Sexy TV" without the consent of the plaintiff in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods. To date, Plaintiff has not been compensated for Defendants' use of her Trademark or exploitation of her Original and/or Collaborative Works.

69.    By failing to compensate Plaintiff as agreed for her creation, work and sweat equity in the Original and/or Collaborative Works and "Black and Sexy TV," Defendants have breached their express and/or implied contract with Plaintiff.

70.    Plaintiff has been damaged as a direct and proximate result of Defendants' breach in an amount to be proven at trial. Both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as result of the breach of the contract.

71.    Plaintiff hereby demands payment general damages and special damages by Defendants due to Defendants' breach.

## SIXTH CAUSE OF ACTION

### FRAUD

### (AGAINST ALL DEFENDANTS)

72.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1-70, inclusive, as if fully set forth herein.

73.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, who made the representations herein, are the authorized agent of

each other and at the time of making the representations herein alleged and at all times herein mentioned, were acting within in their mutual course and scope of their agency and authority for each other.

74.     Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by their conduct. Defendants and each of them made the following material knowingly false representations to Plaintiff:

a.  That Plaintiff would obtain credit for and/or be compensated for exploitation of her work as it relates to the Collaborative Works as a partner, creator, writer, co-creator, executive producer, director, etc.;

b.  That Plaintiff would obtain credit for and/or be compensated for exploitation of her work as it relates to the Original and/or Collaborative Works as a partner, creator, writer, co-creator, executive producer, director, etc.;

c.  That Defendant Jerome Christopher Hamilton was qualified and acting in the capacity of Plaintiff's and Defendants' attorney to induce Plaintiff into agreeing, acquiescing and/or entering into agreements for the exploitation of the Original and/or Collaborative works.

75.     The representations made by defendants were in fact false.  The true facts were:

a.      Defendants never intended to compensate Plaintiff for her work as it relates to the Collaborative Works as a partner, creator, writer, co-creator, executive producer, director, etc.;

b.      Defendants never intended to compensate Plaintiff for her work as it relates to the Original and/or Collaborative Works as a partner, creator, writer, co-creator, executive producer, director, etc.;

c.      That Defendant Jerome Christopher Hamilton was not qualified and

acting in the capacity of Plaintiff's and Defendants' attorney. In fact, Defendant Jerome Christopher Hamilton was not a licensed attorney at any time in the state of California. Defendant Jerome Christopher Hamilton used this fraudulent misrepresentation to willfully and fraudulently induce Plaintiff into agreeing, acquiescing and/or entering into agreements for the exploitation of the Original and/or Collaborative works to her detriment when Defendants never had any intention to compensate Plaintiff and, in fact, conspired amongst each other to defraud Plaintiff out of her just compensation and interest in the Original and/or Collaborative works.

76.     When the defendants made these representations, they knew them to be false and made these representations with the intention to deceive and defraud Plaintiff and induce Plaintiff to act in reliance on these representations in the manner hereinafter, or with the expectation that Plaintiff would so act.

77.     Plaintiff, at the time these representations were made by Defendant and at the time Plaintiff took the actions herein alleged, was ignorant of the falsity of Defendants' representations and believed them to be true.  In reliance on these representations, Plaintiff was induced to, and did agree, acquiesce and/or enter into agreements for the exploitation of the Original and/or Collaborative works to her detriment.

78.     Had Plaintiff known the actual facts, it would not have taken such actions.  Plaintiff's reliance on Defendants' representation was justified because Defendants acted consistent with the express and/or implied agreement referenced herein to compensate Plaintiff for her work as it relates to the Original and Collaborative Works as a partner, creator, writer, co-creator, executive producer, director, etc.; and owed a fiduciary duty to Plaintiff at the time the representations were made.

79.     As a proximate result of the fraudulent conduct of Defendants, Plaintiff has been damaged in an amount to be proven at trial but not less than the

jurisdictional limit of this court.  The aforementioned conduct was an intentional misrepresentation, deceit and/or concealment of material facts known to Defendants, with the intention on the part of Defendants of thereby depriving Plaintiff of property, legal rights, compensation or otherwise causing injury and was despicable conduct that subjected to cruel and unjust hardship and conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for an Order and Judgment in her favor and as against Defendants, jointly and severally, as follows:

1.     Entry of an order (on a preliminary and permanent basis) requiring that Defendants and their officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, be enjoined and restrained from: (a) Using in any manner the "Black and Sexy TV" mark, or any name, mark or domain name that wholly incorporates the Black and Sexy TV mark or is confusingly similar to or a colorable imitation of this mark; Using or displaying the Black and Sexy TV Trademark logo on any websites, products, or promotional materials in any false and/or deceptive manner; Doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public or prospective customers of Black and Sexy TV's products or services

2.     Ordering Defendants to preserve through trial and then deliver up for destruction, pursuant to 15 U.S.C. § 1118, all Internet webpages / scripts / html code, articles, packages, wrappers, products, displays, labels, signs, vehicle displays or signs, circulars, kits, packaging, letterhead, business cards, promotional items, clothing, literature, sales aids, receptacles, templates or other matter in the

possession, custody, or under the control of Defendants or its agents bearing the Black and Sexy TV word mark or logo, , in any manner, or any mark that is confusingly similar to or a colorable imitation of these marks;

3.  Directing Defendants to transfer to Plaintiff (at no cost to Plaintiff) all domain names that contain or consist of Plaintiff's marks, including but not limited to www.BlackandSexy.TV;

4.  Ordering Defendants to take all steps necessary to cancel any state or local business registrations, including corporate name registrations and dba filings, that include Black and Sexy TV's name or marks or amend those registrations to names that do not include Black and Sexy TV's name or marks, and to remove any references to any business registrations, including corporate names and dba filings, that include Black and Sexy TV's name or marks.

5.  Ordering Defendants to retain and disclose all communications with all individuals and entities with whom they engaged in any transaction relating to or arising from the use of Black and Sexy TV's or marks, or otherwise in furtherance of the scheme alleged herein;

6.  Directing Defendants to provide an accounting of profits made by Defendants as a result of Defendants' unlawful conduct;

7.  Ordering Defendants, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Plaintiff within thirty (30) days after entry of the injunction a written report under oath describing in detail the manner and form in which Defendants have complied with the injunction, including ceasing all offering of services under Black and Sexy TV's name and marks as set forth above;

8.  Ordering Defendants to pay a judgment in the amount of Plaintiff's actual and special damages under 15 U.S.C. § 1117 and California law, as well as Defendants' profits, and pre- and post-judgment interest pursuant to 15 U.S.C. § 1117, in an amount to be proven at trial;

9.  Ordering Defendants to pay Plaintiff's reasonable attorney's fees and

costs of this action under 15 U.S.C. § 1117 and/or California law;

10.    Ordering Defendants to pay a judgment for enhanced damages under 15 U.S.C. § 1117 and punitive damages under California law as appropriate;

11.    Determining that Defendants have infringed on Plaintiff' Trademark and copyright interests in the Trademark and Original and/or Collaborative Works;

12.    That Defendants, and their agents, employees, and all other persons in active concert or privity or in participation with them, be enjoined from directly or indirectly infringing on Plaintiff's Trademark and copyright in the Original and/or Collaborative Works or from continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop, or manufacture any works derived, copied, and/or sampled from the subject Trademark and copyright in the Original and/or Collaborative Works, in whatever medium, or to participate or assist in any such activity;

13.    That Defendants, and all their representatives, agents, servants, employees, officers, directors, partners, attorneys, subsidiaries, and all persons under their control or acting in active concert or participation with them, be ordered to immediately post a notice on each of its websites stating that the prior use of the subject Trademark and copyright in the Original and/or Collaborative Works was unauthorized;

14.    That Defendants, their affiliates and licensees, immediately cease and desist from any further reproduction, distribution, transmission, or other use of the Trademark and copyright in the Original and/or Collaborative Works;

15.    That judgment be entered in favor of Plaintiff and against Defendants for the actual damages suffered by Plaintiff and for any profits attributable to the infringements of Plaintiff's Trademark and copyright in the Original and/or Collaborative Works, the amount of which, at present, cannot be fully ascertained;

16.    That judgment be entered in favor of Plaintiff and against Defendants for statutory damages based on Defendants' acts of infringement, pursuant to 17

**COMPLAINT FOR DAMAGES**

U.S.C. § 504;

17.     That all gains, profits, and advantages derived by Defendants from their acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of Plaintiff;

18.     That Defendants be ordered to furnish to Plaintiff a complete and accurate accounting of all profits earned in connection with their use of the subject Trademark and copyright in the Original and/or Collaborative Works;

19.     That judgment be entered in favor of Plaintiff and against Defendants for punitive damages for their willful disregard of Plaintiff's rights;

20.     That judgment be entered against Defendants for Plaintiff's costs, disbursement and attorneys' fees pursuant to 17 U.S.C. §§ 101, *et seq.;* and

21.     That the Court grant such other and further relief as this Court deems just, proper, and equitable under the circumstances.


Dated: November 29, 2016                **IVIE, McNEILL & WYATT**

                                By:     ___/S/ Antonio K. Kizzie_____
                                        **RICKEY IVIE**
                                        **RODNEY S. DIGGS**
                                        **ANTONIO K. KIZZIE**
                                        **ATTORNEYS FOR Plaintiff**
                                        **JEANINE DANIELS**

**COMPLAINT FOR DAMAGES**